6650 United States v. Gaynor, whenever the lawyers are ready. Mr. Dubois, whenever you're ready. Thank you, Tom. I just wanted to let you know we're here. Your Honors, may it please the Court, my name is Alan Dubois and I represent the appellant in this case, Gary Gaynor. The question presented here in this case is not whether Mr. Gaynor was entitled to relief under 3582C, but rather whether he was eligible for relief under that statute. The District Court held here as a matter of law that Mr. Gaynor was not eligible because the retroactive amendments to the crack guidelines imposed by the Fair Sentencing Act quote, did not have the effect of lowering the defendant's guideline range. That's plainly incorrect, we would submit. Before application of the Fair Sentencing Act amendments, Mr. Gaynor's range was 120 to 135 months. After application of the Fair Sentencing Act amendments, Mr. Gaynor's range was 120 to 120 months. I think this is self-evidently a lower range. You say it's lower not because the low number didn't change, but because the high number went down. That's correct, Your Honor. I just think... The range is different. The range is lower. The range is different. A range consists of a top and a bottom. And when one goes down, that range has been lowered. And I think because that is all that 3580-C requires in terms of being eligible for relief, the analysis can really stop there. It meets the one criteria that the statute sets out for a defendant to be eligible to be considered for relief. At that point then, it becomes a discretionary matter for the district judge to determine whether or not it feels any further reduction in the defendant's sentence is warranted. Here we never got to that second step because of Judge Howard's finding as a matter of law that he was not eligible. He said that because the sentence was based not on the sentencing range but on the mandatory minimum sentence. Which would seem under the policy statement and under our decision in the Hood case would make it difficult for you to make the argument. Well, actually I think Hood is very easily distinguishable, Your Honor. I mean, Hood stood for the proposition that the guideline range has to change. And in Hood, because the guy has faced a very high mandatory minimum of 20 years, at his initial sentencing, both the top and the bottom of the range was below that 240. And after the amendments, both the top and the bottom of his range was above 240. So, both before and after amendments, the guy's guideline range was 240 to 240. That range has not changed by definition. It is the same range before and after the amendments. Here, the range was not the same before and after the amendments. And I would suggest that the case that the court really needs to look at is not Hood but Fennell. Because in Fennell's case, the only difference is that both the top and the bottom of Fennell change. But just as in this case, the bottom of Mr. Fennell's range was the mandatory minimum, as is the case here. And in Fennell, this court said, the district court still had the ability to give him an additional departure below that mandatory. Because there is no mandated way that a district court is required to determine how it's going to calculate a substantial assistance departure. And in fact, different courts, different jurisdictions, different districts, routinely calculate downward departures in different manners. And all Fennell said is, the judge has discretion that as long as he calculates the additional departure in a reasonable manner, that's all that's required by law. And in this case... What about this commentary to the guidelines where it says, the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another statutory provision? For example, statutory mandatory minimum term of imprisonment. Well, Your Honor, that has to be read in tandem with the provision that says, in cases where a defendant received a downward departure initially, it can receive a comparable reduction based on the amended range. And it is because in this case, the initial downward departure was made pursuant to 3553E, the court had the authority by virtue of that provision to go below the mandatory minimum. At the initial sentencing and at the subsequent hearing. Otherwise, the comparable reduction provision would essentially be nullified. And there are a plethora of cases. If this court were to hold that any case where the mandatory minimum forms part of the range, and that prevents a district court from ever going below that range in a 35A2C provision, that would really sweep a lot of cases where guys are currently getting relief away. And I simply don't think that is the law. That's not what Finnell held, certainly. And it's not what this court held in the unpublished opinion of Gresham, which is on all fours with this case. It's completely identical. And it was an unpublished case. But this wasn't an unpublished case where there was no discussion or analysis. There was, I think, the correct analysis, the exactly correct analysis given in Gresham, which is that once the range changes, we have eligibility. And at that point, it becomes a discretionary call for the district court in terms of how much more he wants to give. Which brings you back to your first point, which is it's not that your client is entitled to a reduction, but simply that he is eligible. We just want to be able to go back in front of Judge Howard and say, you know, here's one way you could calculate the departure. The Fourth Circuit has said it's completely permissible. And if you chose to do that, Judge, we contend he could get down as low as 95 months. It's up to you whether you think he deserves it. It's up to you whether you think that's a way that you would want to calculate that departure. But you have that authority. And the court did not obviously believe it had that authority in this case. And I think for that reason, this is actually a very simple case that flows from Finnell, Lindsey, and Gresham. And unless the panel has any further questions, I'd reserve the rest of my time. Thank you. May I please the court? My name is Christine Fritz, and I am here from the Eastern District of North Carolina. And I ask that you affirm the decision of the district court. Ms. Fritz, did you argue to the district court that it didn't have any authority here? I certainly can understand why you'd say don't do it. You need not do it. There was really no argument in a traditional sense. What happens is probation officer reviews and makes a recommendation, and at that point there's a letter sent to both defense counsel and government counsel. The government simply stated that we agree with probation's assessment. And the probation officer said there was no authority? The probation officer essentially, yes. He said it's been determined that the defendant's not eligible. Is that right? I believe so. Yeah, it was that he was not eligible because it did not. Do you all agree with the probation officer? I do agree with the probation officer. I wish they had worded their explanation. But you agreed. I'm talking about back there. You agreed. You still do, but you agreed in the district court with probation. Yes. And I think that the important thing here is that the sentence has to have been based on a range. And the government's position is that if the sentence has been based on the mandatory minimum, a departure from the mandatory minimum, then 3582C does not provide the district court with the exceptional authority to go and revisit a judgment. And in this particular case. How do you distinguish Fennell? Well, I think Fennell is distinguishable because in that situation, both the top and the bottom of the range had changed. Yeah, but you laid out a principle. It's not distinguishable. It would be contrary to the principle you laid out to us. I don't believe so. And Fennell, I would agree that he was entitled to relief because his range was 121 to something. And then it became 120 to something. And there, by definition, a departure is a deviation from the established range. The government's position would be that in Fennell, the deviation was from the 121. That's at the point at which the deviation began. It wasn't at 120, so it wasn't at the mandatory minimum. Now, certainly a district court has discretion to craft its departure in any number of ways. So you think the result would have been, it was at 121. Instead, it had been at 120. You think the result would have been different in Fennell? Is that what you're saying to us? I would have argued that, yes. That's your position, right? That is my position. That is your position. How about this Gresham case? Well, Gresham. Now, Gresham, how do you distinguish that one? Well, I think, first of all, Gresham is inconsistent with the previous panel opinion. You're going to say Gresham's wrong. Yes. I would disagree. You've got a majority of this panel. I know. So I'm fighting an uphill battle. But I do believe that, first of all, there are two unpublished opinions out there that I, or I'm sorry, three unpublished opinions out there that I could find that address the situation where only the top of a range has changed based upon an amendment. There's Jones and Harris. Are these Fourth Circuit cases? These are Fourth Circuit cases. To me, just so you know, unpublished opinions have no precedential impact at all. That's what our rule says. So you don't lose anything, but you don't gain anything from them. Maybe my colleagues. Well, in those unpublished opinions, there's two that are consistent with the government's position that say that where the range, the guidelines range, the bottom is set by the statutory minimum and then there is a departure pursuant to 3553E,  and although Finnell does talk about how court can craft its departure in any number of ways, percentage, offense level, a straight number of months, I think the important question in this case is, has the defendant shown that his sentence was based on a range? We submit that the court in its, after the initial 2009 resentencing for the first round of the sentencing amendments to the crack cocaine, the defendant's guideline range changed and it became 120 to 135 months. We brought to the court's attention the fact of the mandatory minimum and we argued unsuccessfully that the court could not go underneath that. The court squarely had the mandatory minimum in front of it and in the order, I believe it's page 36 of the joint appendix, the court says, I did a 14-month reduction. I'm not going back and revisiting it. So I submit to you that the 14-month reduction, all inference is that it's taken from the bottom of the range. And the district court on remand could do exactly the same thing again. They don't even suggest to the contrary. They could come out, the district court could come out, could think that your reasoning, yes, you're right. Although I have authority, although he's eligible for reduction, he's not entitled to one and I'm not giving him it. All they're saying is that the district court had to acknowledge that there was an eligibility for it, should be considered for it. Well, and again, the question of eligibility is, was the sentence based on a range? Yes, but what you were saying to us was, the district court's already decided this question and determined that he's not going to give it. And maybe the district court has, but it has to say, at least your colleague argues, it has to say, I'm considering it. Your guidelines have changed. You're entitled to consideration, but you're not entitled to get any reduction and you're not getting any. Well, I don't agree with that analysis. That's certainly a defendant's approach. But that's what you were saying to us when you were saying that the district court before had already done all he was going to do. That's where your argument went. No, I think that my point, and perhaps it wasn't laid out as well as I could have, is when the defendant's guideline range was 135 to 168 on count one, he received a sentence of 120 months. Then there was the initial crack cocaine amendments, and the court departed from the 120 months, which was the mandatory minimum. And I believe that the record supports the assessment that he departed from the 120 months because in his order on the motion to reconsider, the court says, I did a 14-month deviation. And I think that it's critical to look at how the court imposed the sentence because the statute requires the sentence be based on a range that has changed. If the court has based its sentence not on the range but on the statutory minimum, our position is that it's not based on a range. It's based on the minimum. The minimum has remained unaffected by these guideline changes, so he doesn't have the authority to revisit. 3582C is a very narrow exception to the rule that says, under these particular circumstances, court, you may go back and reconsider. And if the sentence at all times was based on the 120 months, and then there's a reduction, I would submit that it never was based on that range. The range has changed, but the sentence was not based on the range. And this is the defendant's motion, so the defendant has the obligation of coming forward and showing that his sentence was based on the range. I don't think that there's anything in the record that demonstrates that the court's analysis was driven somehow by the range as opposed to a reduction from the mandatory minimum, particularly when the court spoke in terms of a 14-month reduction. So in that sense, I would part company with the analysis in Gresham because in that situation, my position would be that the court's sentence was based upon the mandatory minimum. The court departed from the mandatory minimum. And so there wasn't that authority to revisit the sentence. And that approach is also consistent with some of the policy statements. There's a policy statement that talks about, basically, that the reduction for the term of imprisonment is not consistent with this policy statement and therefore not authorized if it does not have the effect of lowering the applicable guideline range, for example, because of another guideline or statutory provision, such as the statutory mandatory term of imprisonment. And we see that as being the bar here. And unlike defense counsel, I do believe that the district court's analysis in the first instance is very important in determining whether the sentence is based on the range or here based on the mandatory minimum. If there was something in the record where the court said in 2009 or otherwise, you were a pretty awful defendant. I was going to give you 135. There was a downward departure motion. I'm going to take my cut from the top of the guideline range, and I'm going to give you 115. That's my departure. I started from the top of the range. In that situation, I would agree that the defendant should have relief because that range, which has been changed, was a significant part of the court's analytic framework. The sentence was based on the range. And in this particular case, the government submits that the sentence in 2009 was not based on a range. And for that reason, we believe that the district court properly determined that the defendant was not eligible as a matter of law to receive a reduction. Thank you very much. So I would ask that the court affirm the judgment of the district court. Mr. Dubois, you have a comment? I just want to point out, I think the government's last point concedes the case. When she acknowledges that had Judge Howard explicitly started from 135 and went down to 115, he would be eligible. Yes, I agree. And that's exactly this case. The government's arguments, every single one of the government's arguments, was made and rejected in Finnell. The notion that the court only had authority to go down from 121 to 120 in Finnell, that was precisely the government's argument that the panel rejected. Finnell said, no, the judge could go anywhere within the new range, regardless. Even if the court had explicitly said, this is how I did it, he's not bound to follow the same procedure in a subsequent hearing, as long as it's reasonably related to the statutory provision. So in light of Finnell, I don't think the government has even acknowledged its existence in a way that seriously grapples with its holding. And for that reason, I think the outcome in this case is dictated by Finnell, Lindsay, and Gresham. And that's what we'd ask the court to do in this case. Thank you. Thank you very much.
judges: Diana Gribbon Motz, Robert B. King, G. Steven Agee